

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| LARRY WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 5:19-CV-0182-MGL-KDW |
| | § | |
| SCOTT B. LEWIS, SUSAN M. DUFFY, | § | |
| FELICIA OGUNSILE, ADAM T. | § | |
| BRADBURN, CAPT. LANE, UNIT | § | |
| COUNSELOR BUTLER, and WARDEN | § | |
| GLAND, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S FEDERAL CLAIM,
AND REMANDING HIS STATE CLAIM TO STATE COURT**

Larry Williams (Williams) brought his 42 U.S.C. § 1983 cause of action, Complaint at 5, coupled with his state claim of emotional and mental distress claim, *id.* at 6, against Defendants Scott B. Lewis, Susan M. Duffy, Felicia Ogunsile, Adam T. Bradburn, Captain Lane, Unit Counselor Butler, and Warden Gland (Defendants). The Court liberally construes Williams's emotional and mental distress claim as an intentional infliction of emotional distress cause of action. Williams is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted.

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 25, 2020, the Clerk of Court entered Williams's objections on April 3, 2020, and Defendants filed their reply on April 15, 2020. The Clerk also entered several letters and additional attachments from Williams during and after this time period. The Court has liberally construed those letters and attachments as supplemental objections. The Court has reviewed all of Williams's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In the Report, the Magistrate Judge suggests two bases for granting Defendants' motion for summary judgment: (1) Williams's failure to exhaust his administrative remedies before filing this lawsuit, and (2) his neglecting to raise any issues of material fact his constitutional rights were violated. Because the first reason is dispositive as to Williams's federal claim, the Court need not consider the second one. *See Karsten v. Kaiser Foundation Health Plan of Mid-Atlantic States*, Inc., 36 F.3d 8, 11 (4th 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*." *Karsten v. Kaiser Foundation Health Plan of Mid-Atl. States*, Inc., 36 F.3d 8, 11 (4th 1994).

For the most part, Williams's objections are non-specific and fail to directly address the Magistrate Judge's reasoning in the Report. On page one of the attachment to the Report, however, the Magistrate Judge instructed Williams to file specific objections:

> Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.
>
> ****
>
> Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985);*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Attachment to Report at 1.

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In such a case, the Court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

To the extent Williams offers specific objections, he does so by providing the date he says he took the first step in the grievance procedure. But, he fails either to (1) say, even in a conclusory fashion, he actually completed the grievance process, or (2) offer any proof he did so. These failures are fatal to Williams's claims.

Further, on page two of the additional attachment the Clerk entered on May 7, 2020, Williams states "Chief Judge . . . Ralph K. Anderson III is hearing this case in [the South Carolina Administrative Law Court]." With this statement, Williams appears to agree he has failed to exhaust his administrative remedies before he filed this lawsuit. But, the exhaustion requirement of the

3

Prison Litigation Reform Act . . . demands that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S.Ct. 1850, 1852 (2016) (quoting 42 U.S.C. § 1997e(a). Williams failed to do that. Consequently, the Court will overrule Williams's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED** as to Williams's federal claim because of Williams's failure to exhaust his administrative remedies and this claim is **DISMISSED WITHOUT PREJUDICE**.

Therefore, Williams's intentional infliction of emotional distress state claim is all that remains. The Court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. The Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006).

When determining whether to decline to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, there is no indication Williams's remaining state law claim would inconvenience or unfairly prejudice the parties, nor does the Court find any underlying issues of federal policy involved in these state law claims.

Other courts in this district, when faced with similar circumstances have dismissed the federal claims and remanded the state claims to state court. *See, e,g., Sutherland v. South Carolina Department of Corrections*, No. 0:19-cv-2106-JFA, 2020 WL 1672533, at *2–3 (D.S.C., April 6, 2020) (granting the defendants' motion for summary judgment as to the plaintiff's federal claims

4

for his failure to exhaust his administrative remedies and declining to exercise supplemental jurisdiction over the plaintiff's remaining state law claims); *Simpson v. S.C. Dep't of Corr.*, No. 2:17-cv-3031-RMG, 2019 WL 4254228, at *5 (D.S.C. Sept. 9, 2019) (granting summary judgment on federal claims for failure to exhaust, declining to exercise supplemental jurisdiction over the remaining state law claims and remanding the state law claims to state court noting, "there is no indication that remanding the state law claims would inconvenience or unfairly prejudice the parties, nor does the Court find any underlying issues of federal policy involved in these state law claims"); *Johnson v. Ozmint*, No. 9:08-cv-0431-PMD, 2009 WL 252152, at *6 (D.S.C. Feb. 2, 2009) (dismissing federal claims for failure to exhaust administrative remedies and noting, "With respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims . . . .").

The Court agrees with the reasoning of those other courts. Therefore, it declines to exercise supplemental jurisdiction over William's state intentional infliction of emotional distress claim. As such, that claim is **REMANDED** to the Richland County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 19th day of May, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Williams is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.